## LORRAINE CORPORATION v. UNION TANK & PIPE CO.

District Court, S. D. California, Central Division.

Feb. 14, 1930.

Decree affirmed in 48 F.(2d) 848.

Westall & Wallace, of Los Angeles, Cal., for plaintiff.

Ford W. Harris, of Los Angeles, Cal., and Herbert A. Huebner, of New York City, for defendant.

JAMES, District Judge.

This suit concerns the alleged infringement of patent rights claimed by the plaintiff as covering forms of a device used to separate gas from oil. Gas traps are in general use in oil-producing fields throughout the country. No description in great detail, either of the general character of gas traps or of the principle upon which they operate, need be given. There are many forms of them, all having, in the main, similar characteristics of shape, construction, and arrangement.

The Department of the Interior of the United States, through its Bureau of Mines, in 1919, issued a comprehensive booklet, setting forth the economical advantages of the use of gas traps at producing oil wells. That booklet was issued prior to the date of either of the patents herein sued on. In it there are illustrated gas traps having float means within the metal container which, through the rise and fall of the fluid brought in from the well, serve to open and close an outlet

valve to allow the escape of fluid, and to act similarly on a gas valve to allow the taking off of the gas. The desirability of maintaining pressure within the container is referred to in the government publication; in fact, all of the general advantages which are claimed for any of the devices referred to in suit are catalogued in detail as being desirable of attainment by the use of gas traps.

The patents in suit of Lorraine are respectively reissue No. 15,220, dated November 8, 1921, being reissue of No. 1,373,664, dated April 5, 1921; No 1,396,860 dated November 15, 1921; No. 1,577,917, dated March 23, 1926; and No. 1,620,771, dated May 15, 1927. It is not contended by the plaintiff that each of the claims of all of the patents referred to has been infringed, and in fact the issue seems to be narrowed to certain claims of reissue No. 15,220 and claim 12 of No. 1,396,860. In view of the fact that the principal Lorraine patents have been before both this court and the Circuit Court of Appeals in several cases, and, as to at least a part of their claims, have been given close examination, it seems that it will be of no advantage to enter upon a lengthy explanation and analysis of the devises involved, with all of their particular mechanics.

The controversy, as I am able to understand it, is narrowed to the question as to whether the use of outlet valves respectively for oil and gas, operated synchronously by means of a float within the trap receptacle, is a novel feature of plaintiff's contrivance.

■■■ On some of its devices, the plaintiff has one of the valves placed exteriorly of the container chamber, as illustrated by reissue No. 15,220, and No. 1,577,917, and No. 1,620,771. In No. 1,396,860., the outlet valves are both placed interior of the chamber. Plaintiff claims nothing for an improved form of valve, but insists that there is novelty in the means used through the influence of the float, by which the outlet valve for the liquid is opened while the gas valve is at the same moment closed. Whether there is novelty in the arrangement shown by the operation of exterior valves through crank means extending into the chamber and connected with the float is not an issue here. The valves and the means operating the same, of the defendant's trap, are all inclosed within the receiving and discharge chamber. The same general arrangement, adapted to produce the identical results, is described in the Moore patent, issued May 20, 1890, ante-dating by a number of years the time when it is claimed plaintiff's devices were conceived. The patent to Ballard, issued January 13, 1920, also shows a gas trap having synchronously operating discharge gas and fluid valves, with a float as the means of producing the operating force. Whether Moore considered or comprehended that his device might be made to produce the different effects in a gas-separating receptacle, as are produced in the Lorraine devices, is immaterial. The parts and mechanical operation are the same, and it is quite clear that the securing of the effects claimed by Lorraine would be a matter of adjustment. As is said by Walker in his work on patents (5th Ed.) page 218, it is not important to the protection of an invention that the principle of it is not fully understood by anyone, or not understood alike by all, "or that all its advantages and possibilities were not understood by or known to the inventor." Defendant has cited further authority to this same point.

■■■ I do not see how the conclusion can be avoided that the material claims of the patents in suit here have been fully anticipated by the Moore and Ballard patents.

Counsel are not to conclude because of the brevity of this opinion that the evidence and argument have been given but cursory attention. A very painstaking study was made of the case, but it does not seem to me that more than a summary of the conclusions on what I deem to be the determining issue will be of any service. The filing of printed briefs by both counsel has greatly facilitated the examination of the points used in argument, and the courtesy shown in that regard is appreciated.

Decree will be for the defendant as indicated. The decree will not find that the crank means, operating valves exteriorly placed, is not new and novel and entitled to patent; that will be left an open question.